UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Petitioner,

                                  CASE NO. 05-74453
v.                               HONORABLE PATRICK J. DUGGAN

JAN TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on February 9, 2009.

PRESENT:    HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

      Petitioner, a state prisoner currently confined at the Deerfield Correctional Facility in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 2004 conviction of third-degree criminal sexual conduct (sexual penetration of person age 13 through 15), pursuant to a plea of no contest in the Circuit Court for Wayne County, Michigan. Respondent filed an answer to the petition, contending that the claims raised by Petitioner are procedurally barred due to Petitioner's failure to exhaust those claims in the Michigan courts or, alternatively, that

they lack merit. This Court referred the matter to Magistrate Judge Virginia M. Morgan for a report and recommendation.

Magistrate Judge Morgan issued her Report and Recommendation ("R&R") on November 20, 2008. In her R&R, Magistrate Judge Morgan concludes that Petitioner exhausted his claims in state court but that the claims lack merit. Magistrate Judge Morgan therefore recommends that this Court deny Petitioner's application for a writ of habeas corpus. At the conclusion of her R&R, Magistrate Judge Morgan informs the parties that they must file any objections to the R&R within ten days of service upon them. Petitioner filed objections on December 5, 2008, in which he challenges the magistrate judge's R&R on twelve grounds.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted). For the reasons that follow, the Court finds no merit to Petitioner's objections.

Objection #1:

In his first objection, Petitioner clarifies one of his First Amendment challenges to his conviction. Specifically, Petitioner provides:

> The Petitioner is raising the issue that under the First
> Amendment a state may not create a strict liability crime in
> such an area that has the collateral effect of inhibiting the
> exercise of First Amendment rights (i.e. the right to procreate

> with another consenting adult or associate) by making an
> individual more reluctant to exercise that right.

(Obj. at 1.) In the R&R, Magistrate Judge Morgan noted that she did not believe Petitioner was asserting a challenge to his conviction based on a right to procreate. (R&R at 20 n.9.) Nevertheless, Magistrate Judge Morgan further indicated that, to the extent Petitioner was raising such a claim, it lacks merit. This Court agrees.

Nothing in the Supreme Court's decisions clarifying the right to procreation protected by the First and Fourteenth Amendments suggests that statutory rape laws that do not allow for a mistake of age defense infringe upon that right. These decisions recognize a fundamental right of privacy to make decisions as to whether or not to beget or bear a child. *See, e.g., Skinner v. Oklahoma*, 316 U.S. 535, 62 S. Ct. 1110 (1942) (holding unconstitutional state sterilization law); *Whalen v. Roe*, 429 U.S. 589, 97 S. Ct. 869 (1977) (recognizing that the right of privacy with respect to procreation encompasses a woman's decision whether or not to terminate her pregnancy); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S. Ct. 1029 (1972) (holding unconstitutional on equal protection grounds Massachusetts statute permitting married persons to obtain contraceptives to prevent pregnancy but prohibiting distribution to single persons for that purpose). This Court does not believe that these decisions indicate– or even suggest– that the Supreme Court recognizes a fundamental right to procreate with a minor. While the Supreme Court has upheld the right to engage in certain intimate, consensual, sexual conduct in the privacy of one's home, the Court expressly emphasized that it was recognizing the right of *adults*

to do so. *Lawrence v. Texas*, 539 U.S. 558, 123 S. Ct. 2472 (2003) (holding unconstitutional Texas statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct, as applied to adult males who engaged in consensual act of sodomy in privacy of home). As the Court provided: "The present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in a relationship where consent might not easily be refused." *Id*. at 578, 123 S. Ct. at 2484.

However, even if statutory rape laws that do not provide for a mistake of age defense somehow infringe upon or inhibit individuals from engaging in the exercise of a recognized fundamental right, the Court believes that such infringement is justified by the state's recognized compelling interest "in safeguarding the physical and psychological well-being of a minor."[1] *See Osborne v. Ohio*, 495 U.S. 103, 109, 110 S. Ct. 1691, 1696 (1990) (internal quotation marks and citations omitted); *Zablocki v. Redhail*, 434 U.S. 374, 388, 98 S. Ct. 673, 682 (1978) (indicating that a statute significantly interfering with the exercise of a fundamental right nevertheless will be upheld where "it is supported by a sufficiently important state interest" and is "closely tailored to effectuate only those

---

[1] S*ee also Michael M. v Superior Court of Sonoma County*, 450 U.S. 464, 472 n.8, 101 S. Ct. 1200, 1206 n.8 (1981) (noting, in upholding California's statutory rape law on equal protection grounds, the Court's previous indications in *Carey v. Population Services Int'l*, 431 U.S. 678, 97 S. Ct. 2010 (1977) ". . . that a state may regulate the sexual behavior of minors" and that "[t]he Court has long recognized that a State has even broader authority to protect the physical, mental, and moral well-being of its youth, than of its adults.")

4

interests"). Such infringement is similar to that imposed on the fundamental right of marriage by state laws prohibiting minors from marrying. This Court does not believe that there is any question that such laws are constitutional. *See, e.g., Zablocki*, 434 U.S. at 392, 98 S. Ct. at 684 (Stewart, J., concurring) ("Surely . . . a State may legitimately say that no one can marry his or her sibling, that no one can marry who is not at least 14 years old, . . .") As Justice Stewart has offered:

> I think a State may permissibly determine that, at least in some precisely delineated areas, a child like someone in a captive audience– is not possessed of that full capacity for individual choice which is the presupposition of First Amendment guarantees. It is only upon such a premise, I should suppose, that a State may deprive children of other rights– the right to marry, for example, or the right to vote– deprivations that would be constitutionally intolerable for adults.

*Ginsberg v. New York*, 390 U.S. 629, 649-50, 88 S. Ct. 1274, 1285-86 (1968) (Stewart, J., concurring).

Objection #2

Petitioner argues that Magistrate Judge Morgan applied an incorrect standard of review in evaluating the Michigan court's adjudication of his claims. Petitioner contends that the state courts never adjudicated his claims on their merits and therefore his claims are subject to *de novo* review by the district court.

Petitioner is correct that, where the state courts fails to adjudicate a petitioner's claims on their merits, the standard of review set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not apply. *Danner v. Motley*, 448 F.3d 372, 376 (6th

Cir. 2006) (finding that state courts did not adjudicate the petitioner's constitutional claim on the merits where the courts never mentioned the constitutional amendment claimed to have been violated in their decisions). In such instances, the federal court must review the petitioner's constitutional challenges *de novo*. *Id.* Even under this standard of review, however, Petitioner's constitutional claims lack merit for the reasons set forth in Magistrate Judge Morgan's decision and in this Opinion and Order.

Objection #3:

Petitioner objects to Magistrate Judge Morgan's analysis of his due process claim, contending that she incorrectly found that the Supreme Court accepted the validity of strict liability statutory rape laws in *Morissette v. United States*, 342 U.S. 246, 72 S. Ct. 240 (1952).

In the R&R, Magistrate Judge Morgan indicates that the *Morissette* Court, in dicta, "apparently accepted the validity of strict liability statutory rape laws when it observed that, as the common developed, '[e]xceptions [to the requirement of a guilty mind] came to include sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent.'" (R&R at 11, quoting *Morissette*, 342 U.S. at 251 n.8, 72 S. Ct. at 244 n.8.) Magistrate Judge Morgan next recognized, however, that the Supreme Court "has never expressly ruled on this issue." (*Id.*) She therefore relied on other decisions analyzing whether due process requires admitting evidence as to a defendant's reasonable mistake of age in a statutory rape prosecution and the Supreme Court's holdings with respect to strict liability crimes

in general to conclude that such evidence is not required.  (*Id*. at 12-17.)  Thus this Court finds no merit to Petitioner's third objection.

Objection #4:

Petitioner objects to Magistrate Judge Morgan's reliance on *United States v. Ransom*, 942 F.2d 775 (10th Cir. 1991), to find that other courts have found strict liability in statutory rape cases constitutional.  Petitioner argues that the victim in *Ranson* was ten years of age, not a teen (as in Petitioner's case) who "could be mistaken for being of age to consent."  (Obj. at 3.)  Petitioner apparently believes that the New Mexico Supreme Court's decision in *Perez v. State*, 803 P.2d 249 (N.M. 1990), provides more guidance when the victim of statutory rape is a teenager.  In *Perez*, the Court interpreted the state's statutory rape law as including a mistake of age defense when the victim is over thirteen years of age and offered the following as one rationale for this conclusion::

> While a child under the age of thirteen requires the protection of strict liability, the same is not true of victims thirteen to sixteen years of age.  We recognize the increased maturity and independence of today's teenagers, and while we do not hold that knowledge of the victim's age is an element of the offense, we do hold that under the facts of this case the defendant should have been allowed to present his defense of mistake of fact.

*Id*. at 251.

There is no indication, however, that the holding in *Perez* is based upon the New Mexico Supreme Court's view that a mistake of fact defense is constitutionally required.  Rather, the *Perez* Court simply was construing the language of New Mexico's statute.

7

That construction has no applicability to Michigan's statutory rape law under which Petitioner was convicted. As the Tenth Circuit discussed in *Ransom*, "the legislature has wide latitude to declare what constitutes an offense against society and to define the elements that constitute such an offense. . . . the legislature's authority to define an offense includes the power 'to exclude elements of knowledge and diligence from its definition.'" 942 F.2d at 776 (quoting *Lambert v. California*, 355 U.S. 225, 228, 78 S. Ct. 240, 242 (1957)). Thus, the fact that the New Mexico Supreme Court found that its state's legislature intended to provide a mistake of age defense where such a defense was not expressly set forth in the statute does not mean that the statute passed by the Michigan legislature should be similarly interpreted or that such a defense is mandated by the Constitution.[2]

Objection #5:

Petitioner takes issue with Magistrate Judge Morgan's statement in the R&R that "[t]he Supreme Court has never articulated a general constitutional doctrine of mens rea." (Obj. at 3, quoting R&R at 13.) Magistrate Judge Morgan, however, simply was quoting the Supreme Court's statement in *Powell v. Texas*, 392 U.S. 514, 535, 88 S. Ct. 2145, 2155-56 (1968), which remains good law.

Objection #6:

---

[2]Notably, interpreting the statute under which Petitioner was convicted, the Michigan Supreme Court has held that the state legislature intended to omit a mistake of age defense. *See People v. Cash*, 419 Mich. 230, 351 N.W.2d 822 (1984).

8

Citing the Supreme Court's 1895 decision in *Davis v. United States*, 160 U.S. 469, 16 S. Ct. 353, Petitioner argues that "[t]he Supreme Court explicitly adopted the view of Blackstone that a vicious will is necessary to constitute a crime . . ." (Obj. at 4.) The Supreme Court has since stated, however, that a vicious will is not always necessary and that "conduct alone without regard to the intent of the wrongdoer is often sufficient." *Lambert*, 355 U.S. at 228, 78 S. Ct. at 242. As set forth earlier, the *Lambert* Court provided that lawmakers are granted "wide latitude . . . to declare an offense and to exclude elements of knowledge and diligence from its definition." *Id*.

Objection #7:

Petitioner argues that, because he was engaging in consensual sex with a girl who he believed was eighteen years of age, his conduct was protected by the Supreme Court's decision in *Lawrence*. As discussed *supra*, however, the *Lawrence* Court, in finding a fundamental right of privacy to engage in consensual sexual activity within the confines of one's home, specifically indicated that its holding did not extend to cases involving minors. *Lawrence*, 539 U.S. at 578, 123 S. Ct. at 2484.

Objections #8:

Petitioner objects to Magistrate Judge Morgan's statement that "[t]here is a long history of statutory rape as a recognized exception to the requirement of criminal intent which undermines an argument that the law offends principles of justice deeply rooted in our traditions and conscience." (Obj. at 5, quoting R&R at 17.) The Court finds no error in this statement, as it correctly reflects the Supreme Court's notation in *Morissette* that

9

one early exception to the requirement of "vicious will" included "rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent." 342 U.S. at 251 n.6, 72 S. Ct. at 244 n.6; *see also United States v. Brooks*, 841 F.2d 268, 269-70 (9th Cir. 1988) (outlining the history of the reasonable mistake of age defense with respect to statutory rape and holding that the federal statutory rape law under which the defendant was convicted (18 U.S.C. § 2032) did not contain such a defense). In any event, as discussed *supra*, the Supreme Court has held that a statute does not necessarily violated the Due Process Clause simply because it establishes a strict liability crime. *See Lambert*, 355 U.S. at 228, 78 S. Ct 242.

Objection #9:

Petitioner maintains that Magistrate Judge Morgan erred in concluding that Michigan's statutory rape law, MICH. COMP. LAWS § 750.520d, does not create an irrebuttable presumption that violates due process. Petitioner argues that the statute creates an "irrebuttable presumption that [he] knew the prosecutrix was under the age of consent." (Obj. at 6.) In fact, the statute does no such thing as knowledge of the victim's age is irrelevant under the statute. Petitioner's objection therefore has no merit.

10

Objection #10:

Petitioner objects to Magistrate Judge Morgan's finding that he did not develop his First Amendment argument based on his right to procreation and association. (Obj. at 6, citing R&R at 20 n.9.) However, as indicated above with respect to Petitioner's first objection, his First Amendment argument lacks merit. Thus the magistrate judge's statement– whether accurate or inaccurate– has no bearing on the outcome of Petitioner's case.

Objection #11:

Petitioner objects to Magistrate Judge Morgan's statement that "Petitioner does not point to any Supreme Court cases supporting his position" (Obj. at 6, quoting R&R at 22), contending that he "has pointed to and cited 14 U.S. Supreme Court cases . . ." (*Id*. at 6-7.) When Magistrate Judge Morgan's statement is reviewed in its context, however, it is clear that she was referring to Petitioner's failure to cite any Supreme Court case establishing that his conviction absent proof of mens rea or criminal intent is contrary to or an unreasonable application of clearly established federal law. This Court agrees with Magistrate Judge Morgan that Petitioner has not, and in fact cannot, cite to any such case.

Objection #12:

Lastly, Petitioner objects to Magistrate Judge Morgan's citation to the AEDPA's standard of review in concluding that Petitioner is not entitled to habeas relief, as he maintains that the correct standard of review in his case is *de novo* review. (Obj. at 7,

11

citing R&R at 22.) As discussed earlier, however, Petitioner is not entitled to relief under either standard of review.

Based on the foregoing, the Court agrees with Magistrate Judge Morgan's conclusion that Petitioner fails to establish that his state court conviction violated his rights under the United States Constitution.

Accordingly,

**IT IS ORDERED**, that Petitioner's petition for a writ of habeas corpus is

**DENIED**.                                    PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Michael Garrison, #237608
Deerfield Correctional Facility
1755 Harwood Road
Ionia, MI   48846

AAG Brian O. Neill
Magistrate Judge Virginia M. Morgan