UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GARRISON,

        Petitioner,

v.                                          Case No. 05-74453
                                            Honorable Patrick J. Duggan

JAN TROMBLEY,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND ALTERNATIVE REQUEST FOR A CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 4, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

Petitioner, a Michigan prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his March 2004 conviction of third-degree criminal sexual conduct (sexual penetration of person age 13 through 15), pursuant to a plea of no contest in the Circuit Court for Wayne County, Michigan. Petitioner's claims in support of his application for habeas relief focus on the absence of a mistake of age defense under Michigan law for the crime of which he was convicted.

This Court referred the petition for a writ of habeas corpus and Respondent's answer to Magistrate Judge Virginia M. Morgan for a report and recommendation. On

November 20, 2008, Magistrate Judge Morgan issued her Report and Recommendation (R&R), in which she finds no merit to Petitioner's claims and recommends that the Court deny Petitioner's application for a writ of habeas corpus.  Petitioner filed objections to the R&R.  On February 9, 2009, this Court issued an opinion and order, finding no merit to Petitioner's objections and therefore, as recommended, denying his application for habeas relief.  Presently before the Court is Petitioner's timely filed motion for reconsideration.  In his motion, Petitioner alternatively asks this Court to issue a certificate of appealability with respect to the challenges to his conviction that he re-asserts in the motion.

In his motion for reconsideration, Petitioner first argues that the Court misunderstood one of his First Amendment challenges to his conviction.  Petitioner clarifies his argument, providing:

> The Petitioner's First Amendment issue is that Michigan's statutory rape law is overbroad under the First Amendment by not allowing a reasonable mistake of age defense because it chills and inhibits the right of consenting adults to engage in such fundamental right [procreation] with other adults who may be of age to consent but youthful in appearance for fear that they may possibly be under the age of consent.

(Pet.'s Mot. at 1.) Even assuming, as Petitioner argues, that the absence of a mistake of age defense chills to some extent the right of procreation or to engage in certain protected sexual conduct, the Court concludes that Petitioner's First Amendment challenge fails.

As the Court explained in its February 9 decision: "[E]ven if statutory rape laws that do not provide for a mistake of age defense somehow infringe upon or inhibit individuals from engaging in the exercise of a recognized fundamental right, . . . such

2

infringement is justified by the state's recognized compelling interest 'in safeguarding the physical and psychological well-being of a minor.'" (Doc. 32 at 4, quoting *Osborne v. Ohio*, 495 U.S. 103, 109, 110 S. Ct. 1691, 1696 (1978).) Further, in response to Petitioner's argument in his motion for reconsideration, this Court does not believe that the absence of a mistake of age defense renders Michigan's statutory rape law insufficiently narrowly tailored to achieve the state's compelling interest. The Court disagrees with Petitioner that the Supreme Court's reasoning in *Virginia v. Black*, 538 U.S. 363, 123 S. Ct. 1536 (2003)– a case addressing Virginia's ban on certain cross-burning– compels a different conclusion. The Court also does not agree with Petitioner that the Ninth Circuit's reasoning in *United States v. United States Dist. Court for the Cent. Dist. of Calif.*, 858 F.2d 534 (9th Cir. 1988)– addressing the absence of a mistake of age defense in the federal child pornography statute– extends to statutory rape laws. *See United States v. Brooks*, 841 F.2d 268 (9th Cir. 1988) (upholding conviction for statutory rape despite finding that the statute, 18 U.S.C. § 2032, does not provide for a mistake of age defense); *see also State v. Fan*, 445 N.W.2d 243, 247 (Minn. Ct. App. 1989) (rejecting First Amendment challenge to Minnesota statute making it a felony to employ or permit a minor to engage in a sexual performance, despite the absence of a mistake of age defense).

    Petitioner continues to argue in his motion for reconsideration that Michigan's statutory rape law is unconstitutional as it does not require proof of a "guilty mind" or "vicious will" and because it creates a mandatory irrebutable presumption For the

3

reasons this Court set forth in its February 9 opinion and order, it continues to reject Petitioner's arguments.

With respect to Petitioner's request for a certificate of appealability, such a certificate may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)) (emphasis added and internal citation and quotation marks omitted). As the Supreme Court more recently stated, when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court does not believe that reasonable jurists would find its assessment of the constitutional claims raised in Petitioner's application for habeas relief debatable or wrong. The Court therefore denies his request for a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Michael Garrison, #237608
Deerfield Correctional Faciity
1755 Harwood Road
Ionia, MI 48846

AAG Brian O. Neill
Magistrate Judge Virginia M. Morgan